NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0772n.06

No. 09-6222

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK WAYMAN, dba Able Towing; | ) | |
| CITY TOWING & TRANSPORTATION, | ) | |
| INC.; MIKE MYERS, Individually, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| METROPOLITAN GOVERNMENT OF | ) | TENNESSEE |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**FILED**

*Nov 18, 2011*

LEONARD GREEN, Clerk

Before: MERRITT, BOGGS, and CLAY, Circuit Judges.

**MERRITT, Circuit Judge.** Mark Wayman, dba Able Towing, City Towing & Transportation, Inc., and City Towing's owner, Mike Myers, appeal a district court order denying their motion for a new trial.

Plaintiffs filed suit against the Metropolitan Government of Nashville and Davidson County, Tennessee, claiming that the Transportation Licensing Commission, a department of the Metropolitan Government, violated their equal protection rights by imposing harsher penalties on them than it imposed on other towing companies who had similarly violated applicable towing ordinances. The case was tried before a jury, which returned a verdict for the Metropolitan Government. Plaintiffs thereafter filed a motion for a new trial, arguing that the jury verdict was against the weight of the evidence. The district court denied the motion, and this appeal followed.

The denial of a motion for a new trial is reviewed for an abuse of discretion. *Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.*, 641 F.3d 240, 245 (6th Cir. 2011). This review must, in turn,

consider the standard that governed the district court's own consideration of the motion. In this case, the district court correctly applied the "clearly erroneous" standard of review, and reasoned that plaintiffs had failed to meet the heavy burden of showing that the jury's verdict was against the weight of the evidence and had resulted in a miscarriage of justice. (Order Denying Plaintiffs' Motion for a New Trial at 1.) We agree.

In order to establish their claim of disparate treatment at trial, Plaintiffs had to prove that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Examining the verdict in the light most favorable to the non-moving party, *see Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir. 1997), Plaintiffs failed to present evidence that other towing companies were similarly situated. Rather, the record reflects that Plaintiffs' violations were different both in number and context from those of other towing operators. A reasonable juror could have therefore concluded that Plaintiffs failed to establish their case, precluding the grant of a new trial. *See Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 528-29 (6th Cir. 2005). Accordingly, the district court's order is affirmed.